Reed, P. J.,
delivered the opinion of the court.
An action of replevin brought by Eliza J. Richards during her life, and, after her decease, prosecuted by her husband (appellee) as administrator of her estate.
The plaintiff alleged the ownership and right of possession to certain furniture and household goods (describing them), and that defendant (appellant) unlawfully and forcibly seized and took possession of them and refused to return them.
The defendant’s answer was a denial of the allegations in the complaint.
The case seems to have had its share of ventilation and adjudication. First, a trial in the county court with judgment for the plaintiff; twice in the district court with the same result; then a trial resulting in a judgment for the defendant, which was set aside; then a trial to the court without a jury, resulting in a judgment for the plaintiff, from which this appeal was taken.
The evidence shows that the goods were taken by appel *166 lant upon what he claimed to be a chattel mortgage for $77.70, with interest at five per cent per month, payable monthly. The note was made by the husband, and was an individual note. The chattel mortgage was drawn as that of both husband and wife, and was executed only by the husband. None of the papers were executed by the wife. The goods were claimed by the wife as her individual property, and that she neither authorized or executed the note and mortgage, and that they were void as against the property.
It is shown that the goods were taken by appellant, placed in the hands of an auctioneer and sold; consequently, there could be no judgment of return. The value of the goods were found to be $300, and judgment was entered for that amount.
There are quite a number of supposed errors assigned, mostly technical, on the admittance and rejection of evidence, but I do not regard any of them of sufficient importance to review them. There may have been strictly technical rulings that were open to criticism, but the mere recital of them, without showing they were prejudicial, and did or might have influenced the result, is not sufficient ground for reversal. The errors must be such as might have changed the result, if they had not occurred. I can find no error of sufficient importance to warrant a reversal.
Appellant relies upon an estoppel, based upon the fact that deceased paid the interest for one month, but the evidence is too vague and indefinite to work an estoppel or establish a ratification. It is shown that the money was that of the wife,—was by her given to the husband, and by him sent to the appellant. This is insufficient. Not only full knowledge upon the part of the wife must have been shown, but an intention to ratify and adopt the transaction must be shown. The fact of her furnishing the money to the husband would not establish it. It was certainly not evidence of ratification, and was confronted with the established fact that she had persistently refused to execute the papers or recognize them.
The only real question in the case was to whom the goods *167 belonged, whether to the husband, the wife, or both. It was resolved in favor of the wife three or four times by a jury, and once by the court, and, being a question of fact, with evidence to support the finding, the judgment should not be disturbed.

Affirmed.